### NATIONAL LAWYERS GUILD
#### v.
#### BROWNELL.
#### No. 12059.

United States Court of Appeals
District of Columbia Circuit.

Argued March 23, 1954.

Decided May 4, 1954.

McGuire, J., dissented.

Mr. Osmond K. Fraenkel, New York City, and Mr. Earl B. Dickerson, Chicago, Ill., of the bar of the Supreme Court of Illinois, pro hac vice, by special leave of Court, with whom Mr. Joseph Forer, Washington, D.C., was on the brief, for appellant.

Mr. Benjamin Forman, Atty., Dept. of Justice, New York City, of the bar of the Court of Appeals of New York, pro hac vice, by special leave of Court, with whom Mr. Leo A. Rover, U. S. Atty., and Mr. Samuel D. Slade, Atty., Dept. of Justice, Washington, D.C., were on the brief, for appellee. Mr. Paul A. Sweeney, Atty., Dept. of Justice, and Mr. Lewis A. Carroll, Asst. U. S. Atty., Washington, D. C., entered appearances for appellee.

Before WILBUR K. MILLER and PRETTYMAN, Circuit Judges, and MATTHEW F. McGUIRE, District Judge (sitting by designation).

PER CURIAM.

This is an appeal from a denial by the United States District Court for the District of Columbia of a preliminary injunction. The motion for the injunction was considered by that court upon the pleadings filed by the complainant (our appellant), consisting of the complaint, the exhibits attached thereto, and affidavits in support of the motion. Upon consideration of the arguments on the appeal to this court, presented in the briefs and upon oral argument, and of the facts contained in the complaint, the exhibits, and the affidavits which were before the District Court (which facts have not yet been controverted in the record before us), we are of the opinion that the interests of justice would be served best in this matter if the administrative hearing were held in abeyance pending the judgment of the District Court upon the merits of the issues posed in the action. An order to that effect will be entered. The motion was for a preliminary injunction of the usual scope, effective until the ultimate disposition of the case, including appeals. But we think such an extensive stay is not justified at the present stage of the proceedings. We suggest to the District Court that, if the calendar of its business permits, the public interest

would be served if this action could be heard and determined at an early date.

Reversed and remanded.

McGUIRE, District Judge, sitting by designation (dissenting).

This is an appeal from a denial by the District Court of a preliminary injunction which sought to enjoin the Attorney General of the United States from proceeding with an administrative hearing initiated under Executive Order No. 10450[1] (the President's Federal Employee Security Program, so-called), to determine whether appellant is an organization which comes within its purview.

This Order, issued in April 1953, establishes basically "Security Requirements for Governmental Employees". It requires the head of each federal department and agency to establish and maintain "an effective program to insure that the employment and retention in employment of any civilian officer or employee within the department or agency is clearly consistent with the interests of the national security." It also provides, "* * * the interests of the national security require that all persons privileged to be employed in the departments and agencies of the Government shall be reliable, trustworthy, of good conduct, and character, and of complete and unswerving loyalty to the United States".

The complaint attacks on constitutional grounds the validity of both the Order and the procedural rules adopted by the Attorney General in its implementation, and alleges further that because of two public addresses made by that Officer, he has prejudged the matter. The appellant also contends it has suffered and continues to suffer irreparable injury particularly in the nature of loss of membership and reputation from the appellee's *past* and *presumed contemplated* action.

The District Court refused to issue the injunction.

"It is settled law that a Court of Appeals will not set aside the action of the District Court in either denying or granting an application for a preliminary injunction unless the action of the District Court was in clear error or in abuse of discretion."

So spoke this Court in Cox v. Democratic Central Committee of District of Columbia, 91 U.S.App.D.C. 416, 200 F.2d 356, as recently as 1952. So spoke the Supreme Court of the United States in United States v. Corrick, 1936, 298 U.S. 435, 437–438, 56 S.Ct. 829, 80 L.Ed. 1263.

Therefore, whether on not the District Court abused its discretion in the circumstances in denying the application for a preliminary injunction is the only question properly raised on this appeal. The majority leaves it unanswered.

Assuming as true the alleged facts set out in the complaint, exhibits and affidavits, there appears to me to be nothing in them of a so compulsive and mandatory character that should result in the ignoral of a rule of law admittedly so long settled.

While the Supreme Court has held that

"* * * the presence of constitutional questions, coupled with a sufficient showing of inadequacy of prescribed administrative relief and of threatened or impending irreparable injury flowing from delay incident to following the prescribed procedure, has been held sufficient to dispense with exhausting the administrative process before instituting judicial intervention."[2]

that is not the situation here.

Granting that plaintiff has been injured by the Attorney General's public utterances with respect to it, nevertheless this is over and done with. The claim of irreparable injury presently made is chimerical. It may never result, and if it does, can only come about

1. 18 Fed.Reg. 2489, 5 U.S.C.A. § 631 note.

2. Aircraft & Diesel Equipment Corp. v. Hirsch, 1947, 331 U.S. 752, 773, 67 S.Ct. 1493, 1503, 91 L.Ed. 1796.

after hearing—and then only if that proceeding should go against the plaintiff.

It neither ought to be, nor should it be concluded *now* that the Attorney General has prejudged the matter, and courts certainly should not " * * * assume in advance that an administrative hearing may not be fairly conducted." Fahey v. Mallonee, 1947, 332 U.S. 245, 256, 67 S. Ct. 1552, 1557, 91 L.Ed. 2030.

Lack of due process, so fatal in Joint Anti-Fascist Refugee Committee v. McGrath, 1951, 341 U.S. 123, 71 S.Ct. 624, 95 L.Ed. 817, has been ostensibly made up for in the contemplated proceedings. Whether that constitutional gap has been actually filled or not cannot be decided at this phase, nor can the absence of any other constitutional guarantees. In the event the plaintiff is ultimately designated as subversive—a potential possibility only—there is adequate remedy by review.

The award of an interlocutory injunction is never strictly a matter of right even though irreparable injury may otherwise result. It is an exercise of judicial discretion—the propriety of its issuance being dependent upon the circumstances. Yakus v. United States, 1944, 321 U.S. 414, 440, 64 S.Ct. 660, 675, 88 L.Ed. 834 and cases therein cited, wherein the Court said: "where an injunction is asked which will adversely affect a public interest for whose impairment, even temporarily, an injunction bond cannot compensate, the court may in the public interest withhold relief until a final determination of the rights of the parties, though the postponement may be burdensome to the plaintiff."

The action of the Court does violence to these admittedly long settled rules. But it does something more. It does violence also to that equally well established rule requiring exhaustion of the administrative process. Myers v. Bethlehem Shipbuilding Corp., 1938, 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638; Aircraft & Diesel Equipment Corp. v. Hirsch, supra.

The result, it seems to me, is lacunal and a hecatomb to expediency. An association of lawyers should be in no better position than the ordinary litigant, while the "interests of justice" are best served when matters take their accustomed and prescribed course. I would affirm.