**NATIONAL LAWYERS GUILD,**
Plaintiff,

v.

**Herbert BROWNELL, Jr., Attorney General of the United States, Defendant.**

Civ. No. 5494-53.

United States District Court,
District of Columbia.

Nov. 4, 1954.

Osmond K. Fraenkel, New York City, Joseph Forer, Washington, D. C., for plaintiff.

Herbert Brownell, Jr., Atty. Gen., Edward H. Hickey, Benjamin Forman, Sp. Assts. to the Atty. Gen., Leo A. Rover, U. S. Dist. Atty., Washington, D. C., Oliver Gasch, Asst. U. S. Atty., Washington, D. C., for defendant.

McLAUGHLIN, District Judge.

Defendant Brownell, pursuant to the provisions of Executive Order 10450 (18 F.R. 2489) notified Plaintiff on August 27, 1953, that he proposed to designate it as an organization coming within the purview of that Order. The Plaintiff on September 16, 1953, filed a notice of contest with the Attorney General. This notice was in accordance with the Rules of Procedure which afford an organization which is proposed to be designated under the Order an opportunity to contest the designation at an administrative hearing. (18 F.R. 2619)

The plaintiff filed the subject action which seeks:

(1) to enjoin Defendant from designating it under Executive Order 10450.

(2) A declaration that Executive Orders 9835 (12 F.R. 1935, as amended, 16 F.R. 3690) and 10450 insofar as they authorize the listing of organizations are unconstitutional and void, or that the procedures adopted to implement such orders are unconstitutional and illegal, and that Defendant by reason of his prejudgment of the issue is disqualified from further proceedings.

The motion of Plaintiff for a preliminary injunction was denied by another branch of this court. On appeal the denial of the motion was reversed and the action remanded by the Court of Appeals, National Lawyers Guild v. Brownell, D.C.Cir., 215 F.2d 485. In its opinion the Court held that:

"* * * we are of the opinion that the interests of justice would be served best in this matter if the administrative hearing were held in abeyance pending the judgment of the District Court upon the merits of the issues posed in the action. * * * Reversed and remanded."

Defendant's motion is for judgment on the pleadings or in the alternative for summary judgment. Defendant asserts

in his Points and Authorities in support of his motion that he is entitled to judgment on either of the following grounds: (1) Plaintiff, having failed to exhaust its administrative remedy, fails to state a cause of action upon which relief may be granted, (2) the proposed designation of Plaintiff as a Communist organization for the purpose of the Federal Employee Security Program does not violate the Constitution.

Plaintiff in opposition to the motion contends that (1) the Court of Appeals decision precludes contention that the suit is premature, (2) under the circumstances the administrative remedy need not be exhausted, (3) the asserted power to list violates the 1st Amendment, (4) Standards are so vague as to violate 5th Amendment, (5) procedures violate the Administrative Procedure Act, (6) the administrative procedure violates due process, (7) the Defendant has prejudged the action.

The effect of the decision of the Circuit Court of Appeals for the District of Columbia (excerpt above quoted) was to remand the case to this court for judgment upon the merits of the issues posed in the action. Moore in 6 Moore's Federal Practice 2025 (2nd Edition) states:

> "The tenor of Rule 56 indicates that the summary judgment procedure deals with the merits; and that if granted in favor of a claimant it affirmatively adjudges the merits of the claim and if in favor of the Defendant the judgment is in bar and not in abatement."

In the circumstances the instant motion for summary judgment places the case in position for judgment of this Court on the merits of the issues.

The Court of Appeals decision, supra, does not support the Plaintiff's contention that it is not required to exhaust its administrative remedy. The Court's ruling did not touch upon this point. It merely held that the administrative hearing be held in abeyance pending judgment of the District Court upon the merits of the issues involved.

■ It is contended by the Plaintiff that its challenge of the basic authority for the designation of organizations exempts it from the general rule regarding the exhaustion of administrative remedies. In a recent decision, the Supreme Court considered a similar challenge, Allen v. Grand Central Aircraft Co., 347 U.S. 535, 74 S.Ct. 745. In that case the company questioned the administrative enforcement of the wage stabilization provisions of the Defense Production Act of 1950, 50 U.S.C.A. Appendix, § 2061 et seq. Although that act failed to prescribe an administrative hearing and made no provision for direct judicial review, the Court held that the administrative remedies provided must be exhausted before institution of judicial proceedings. In the circumstances the Court is of the opinion that the Plaintiff is not relieved of the necessity of exhausting its administrative remedies before seeking legal relief of the character sought in the action.

With regard to the constitutional objections to the proceedings which have been raised by Plaintiff, the Court is likewise of the opinion that decision on these matters must be deferred until the administrative remedy has been exhausted. In Allen v. Grand Central Aircraft Co., supra [347 U.S. 535, 74 S.Ct. 755] the Court said:

> " * * * we have noted the other arguments submitted by appellee concerning the interpretation and constitutionality of the statute but it would be premature action on our part to rule upon these until after the required administrative procedures have been exhausted."

Further exhaustion of this remedy might obviate the need for consideration of these constitutional objections or at least render precise the exact scope of determination necessary. As the Court said in Aircraft & Diesel Equipment Corp. v. Hirsch, 331 U.S. 752, 767, 67 S. Ct. 1493, 1500, 91 L.Ed. 1796:

> " * * * The very purpose of providing either an exclusive or an initial and preliminary administra-

tive determination is to secure the administrative judgment either, in the one case, in substitution for judicial decision or, in the other; as foundation for or perchance to make unnecessary later judicial proceedings."

Plaintiff contends that the procedures established by Defendant violate the Administrative Procedure Act, 5 U.S.C.A. § 1001 et seq., with regard to the demand for interrogatories, the character of the hearing, and the hearing officer. In support of its contention Plaintiff cites the case of Wong Yang Sung v. McGrath, 339 U.S. 33, 70 S.Ct. 445, 94 L.Ed. 616.

In that case the Court held that deportation proceedings conducted by the Immigration Service were subject to the hearing requirements of the Administrative Procedure Act even though a hearing was not required by the Immigration Act. In its holding the Court said, 339 U.S. at page 50, 70 S.Ct. at page 454.

"* * * We do not think the limiting words render the Administrative Procedure Act inapplicable to hearings, the requirement for which has been read into a statute by the Court in order to save the statute from invalidity."

This ruling of the Court was not so broad as to require conformance of all administrative proceedings to the Act. As the Court of Appeals in the 5th Circuit said in Marcello v. Ahrens, 212 F.2d 830, at page 837, "* * * we agree with the district court that the Administrative Procedure Act is not the sole criterion of due process of law * * *."

■ The Court is not persuaded that the holding in the Sung case, supra, requires that the proceedings for the listing of organizations be subject to the hearing requirements of the Administrative Procedure Act.

It is urged by Plaintiff that its contention that Defendant has prejudged the issue raises a genuine issue of material fact sufficient to bar a summary judgment in this action. Plaintiff contends that statements made by the Defendant in two speeches in which he announced that he proposed to designate Plaintiff as a Communist organization made it clear that he had reached a conclusion on the merits of its case. Defendant in his affidavit denies this charge and states that his only determination has been that the evidence warrants Plaintiff's proposed designation, but that no final determination will be made until completion of the pending proceedings.

■ This Court should not assume that the prescribed administrative hearing will be conducted other than fairly. As the Supreme Court stated in Fahey v. Mallonee, 332 U.S. 245, at page 256, 67 S.Ct. 1552, at page 1557, 91 L.Ed. 2030. "* * * We cannot agree that courts should assume in advance that an administrative hearing may not be fairly conducted."

It is not believed that the public statements of the Defendant would prevent him from rendering an impartial decision on the designation of the Plaintiff. In the case of United States v. Morgan, 313 U.S. 409, 61 S.Ct. 999, 85 L.Ed. 1429, it was held that the Secretary of Agriculture's public criticism of a Supreme Court decision did not disqualify him from deciding the issues remanded to him by that decision.

In the light of these circumstances the Court is unwilling to indulge in the presumption that the rights of the Plaintiff will be transgressed in the administrative proceedings prescribed by the Executive Order and the Rules of Procedure. The Court therefore concludes that the claim of prejudgment relied upon by Plaintiff does not present an issue of fact and, consequently, that it does not bar the entry of summary judgment.

In the premises the Court grants the Defendant's motion for summary judgment.

Counsel for Defendant will prepare appropriate findings of fact, conclusions of law and order.